UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JAY QUIGLEY,                          :
  plaintiff,                       :
                                   :
    v.                           :   case no. 3:19cv482(AVC)
                                     :
CAPTAIN RIVERA, ET AL.,               :
  defendants.                     :

## RULING ON PENDING MOTIONS

The plaintiff, Jay Quigley, is currently incarcerated at Northern Correctional Institution ("Northern"). Quigley has filed motions for reconsideration, for clarification, for extension of time and to compel. For the reasons set forth below, the motion for extension of time to extend the deadline to complete discovery is granted and the remaining motions are denied.

Quigley commenced this action by filing a complaint, pursuant to 42 U.S.C. § 1983, against the defendants, captain Rivera, lieutenants Roy and Davis and correctional officers Behm, Velazquez, La Mountain, Cordona, Sholz, Watson, John Doe #1, John Doe #2, John Doe #3 and John Doe #4. He claimed that at approximately 5:20 a.m., on April 26, 2018, at MacDougal Correctional Institution ("MacDougall"), the defendants used excessive physical force against him, sprayed him with a chemical agent, dragged him to a cell in the restrictive housing

unit, strip-searched him, placed in him in a filthy gown and
applied in-cell restraints to his ankles, wrists and waist.
Quigley remained in the cell for three days.  During the
afternoon of April 28, 2018, correctional officers escorted
Quigley to a new cell and provided him with clean clothes and
bedding and removed the restraints.  The following day, Captain
Rivera authorized Quigley to take a shower.  See Compl., ECF No.
1, at 5-6, 17-36.

Quigley asserted retaliation, excessive force, unsafe or
unhealthy conditions of confinement, deliberate indifference to
medical and mental health needs and spoliation of evidence
claims under the Fifth, Eighth and Fourteenth Amendments.  On
July 24, 2019, the court dismissed the spoliation of evidence
and Fourteenth Amendment claims and concluded that the
Fifth Amendment retaliation claim, the Eighth Amendment
excessive force claims, the Eighth Amendment deliberate
indifference to medical and mental health claims and the Eighth
Amendment conditions of confinement claims would proceed against
the defendants, in their individual capacities.

Because Quigley paid the filing fee, the court directed
Quigley to serve the complaint on the defendants, in their
individual capacities.  The court also informed Quigley that he
must identify the names of the four John Doe defendants and

2

effect service of the complaint on those defendants within
ninety days of the court's order, pursuant to Federal Rule of
Civil Procedure 4(m).  On October 28, 2019, Quigley filed a
notice indicating that he had identified correctional officer
John Doe #1 as correctional officer Peart.

## I. Motion for Reconsideration [ECF No. 26]

On November 7, 2019, the court denied Quigley's motion for
appointment of counsel because he had made insufficient attempts
to secure legal representation and assistance on his own.  The
court informed Quigley that he could renew his motion after he
made additional attempts to secure legal assistance.  Quigley
has filed a motion for reconsideration of the court's ruling
denying his motion for appointment of counsel.

The second circuit has recognized that the standard for
granting a motion to reconsider "is strict and that
reconsideration will generally be denied unless the moving party
can point to controlling decisions or data that the court
overlooked—matters, in other words, that might reasonably be
expected to alter the conclusion reached by the court."  Shrader
v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) (citation
omitted).  Thus, a motion for reconsideration is "not a vehicle
for relitigating old issues, presenting the case under new
theories, securing a rehearing on the merits, or otherwise

3

taking a second bite at the apple." <u>Analytical Surveys, Inc. v.
Tonga Partners, L.P.</u>, 684 F.3d 36, 52 (2d Cir. 2012) (internal
quotation marks and citation omitted).

Quigley points to no information that the court overlooked
in denying the motion for appointment of counsel.  Rather, he
suggests that the court should consider appointing <u>pro</u> <u>bono</u>
counsel to represent him in this action based on new information
that was not included in the motion for appointment of counsel.
Given that the court did not fail to consider any information
included in the motion for appointment of counsel, there is no
basis on which to reconsider the ruling denying that motion.
The motion for reconsideration is denied.

Quigley's motion includes allegations that he has been in
touch with attorneys at the Inmates' Legal Aid Program ("ILAP")
for many months and that the attorneys at ILAP have answered
legal questions about litigating the case.  He contends that it
is important that he contact inmates who may have been witnesses
to incidents that occurred on August 26, 27, and 28, 2018 and to
depose Department of Correction staff members regarding the
incidents.  He states that the attorneys at ILAP are unable to
assist him in obtaining affidavits/declarations from inmates who
are confined at facilities other than Northern and are also

unable to assist him in deposing Department of Correction staff members.

Quigley attaches no copies of letters that he may have sent to ILAP seeking assistance with discovery in this action or responses from attorneys at ILAP indicating why they cannot assist him in making arrangement to depose Department of Correction employees or in securing affidavits or declarations from other inmates.  Nor does Quigley indicate whether he wrote to or spoke with the warden, deputy warden or any other supervisory official at Northern to seek an exception to the general policy that inmates may not correspond with inmates from other facilities.  In addition, Federal Rule of Civil Procedure 31 permits a party to conduct depositions using written questions.  Quigley does not indicate that he spoke to the AAG or ILAP about the possibility of deposing correctional staff members using this method.

Thus, Quigley has not demonstrated that he requires the appointment of pro bono counsel or that legal assistance is unavailable.  To the extent that this motion could be construed as a renewed motion for appointment of counsel, it is denied.

**II. Motion/Notice for Clarification [ECF No. 28]**

In Quigley's "NOTICE," he inquires as to whether a conference has been scheduled to plan for discovery.  The docket

reflects that a conference has not been scheduled to discuss
discovery issues or set deadlines for the completion of
discovery.  Nor do the federal or local rules of civil procedure
or the court's Standing Order RE: Initial Discovery Disclosures
require such a conference.  To the extent that the notice has
been docketed as a motion, it is denied because it seeks no
relief.

**III. Motion for Extension of Time [ECF No. 29]**

Quigley seeks a thirty-day extension of time to file a
reply to the affirmative defenses asserted by the defendants in
their answer to the complaint.  The Federal Rules of Civil
Procedure do not require a party to file a reply to an answer.
See Fed. R. Civ. P. 7(a)(7) (a reply to an answer is a pleading
only if the "court orders one").  Accordingly, the motion for
extension of time is denied as moot.

**IV. Motion to Compel [ECF No. 40]**

Quigley mentions a request for production of documents
dated November 22, 2019 and claims that he has asked the
defendants to produce the documents included in this request on
multiple occasions.  The document attached to the motion to
compel includes eight interrogatories, some of which have
subparts, and was signed by Quigley on January 30, 2020.  It has
no caption and is undated.  Thus, it does not appear that this

document is a copy of the November 22, 2019 request for
production of documents referenced in the motion to compel.

The defendants have filed an objection to the motion to
compel on the ground that it does not comply with the Federal
Rule of Civil Procedure 37(a) and Local Rule of Civil Procedure
37(a).

A motion to compel "must include a certification that the
movant has in good faith conferred or attempted to confer with
the person or party failing to make disclosure or discovery in
an effort to obtain it without court action."  Fed. R. Civ. P.
37(a)(1).  Quigley's statement that he requested the documents
on multiple occasions and that the defendants denied him "access
to these documents," is insufficient to meet the requirement
that he confer in good faith with the party or attorney
representing the party in an attempt to secure the documents and
resolve the discovery dispute without the assistance of the
court.

Furthermore, Quigley did not file a memorandum in support
of the motion to compel that includes "a concise statement of
the nature of the case and a specific verbatim listing of each
of the items of discovery sought or opposed, and immediately
following each specification . . . the reason why the item
should be allowed or disallowed" as required by D. Conn. L. Civ.

7

R. 37(b)1.  In addition, the memorandum must be accompanied by
the "copies of the discovery requests in dispute."  <u>Id.</u>  The
document attached to the motion to compel is undated and
contains interrogatories.  Thus, it does not appear to be a copy
of the November 22, 2019 document production request referenced
in the motion to compel.

Because the motion to compel is not accompanied by a
memorandum or a copy of the November 22, 2019 production request
and does not include a certificate indicating that Quigley has
conferred with the defendants or AAG Fiske in a good faith
effort to resolve the discovery dispute, it does not comply with
the requirements of Fed. R. Civ. P. 37(a)(1) and Local Rule
37(b)1.  The motion is denied.

**V. Required Discovery Disclosures [ECF No. 9]**

In his objection to the motion to compel, AAG Fiske states
that Quigley has not provided him with the disclosures
identified in the court's July 26, 2019 Standing Order RE:
Initial Discovery Disclosures.  <u>See</u> ECF No. 9.  Quigley's
disclosures were to have been made within forty-five days of the
filing of an appearance by any defendant.  AAG Fiske filed his
appearance for the defendants on October 8, 2019.  Thus,
Quigley's disclosures were due by November 22, 2019.  In a
notice to the court, ECF No. 36, Quigley stated that on January

8

13, 2020, he mailed "the remainder of documents and things that [he] needed to produce" to AAG Fiske.  It is not clear whether these documents were mailed in response to the court's Standing Order RE: Initial Discovery Disclosures.

To the extent that Quigley has not already made the necessary disclosures in compliance with the Standing Order RE: Initial Discovery Disclosures, he must do so within twenty days of the date of this order.  Quigley shall also file a notice with the court indicating the date on which he mailed the required disclosures to AAG Fiske.

**VI. Motion for Order [ECF No. 42]**

On February 24, 2020, Quigley filed a motion seeking a "Response For An Order Compelling Discovery."  In that motion, Quigley contends that AAG Fiske has "failed to provide [him] with the rest of his discovery material by Judges order to be mailed to [him] by 2/20/20."  The court did not issue an order directing AAG Fiske to provide Quigley with discovery material by February 20, 2020.  To the extent that this motion is a renewed motion seeking to compel the defendants to respond the discovery request referenced in the motion to compel filed on January 30, 2020, ECF No. 40, the motion is denied for the reasons stated above.

**VII. Motion for Extension of Time [ECF No. 33]**

Quigley seeks a forty-five-day extension of the initial
review order's deadline to complete discovery.  The court hereby
extends the discovery deadline for sixty days.  However, Quigley
may not serve any new discovery requests on the defendants until
he informs the court, by written notice, that he has complied
with the Standing Order RE: Initial Discovery Disclosures by
sending AAG Fiske the necessary disclosures.

In addition, it is apparent from the notices that Quigley
filed and the defendants' responses and objections to Quigley's
notices and motion to compel that Quigley is under the
impression that he may serve interrogatories or requests for
production of documents on all or more than one defendant at the
same time.  Both federal rule 33 and 34 require that separate
interrogatories and requests for production of documents be
served on each party.  See Fed. R. Civ. P. 33(a)(1) (stating
that absent leave of court or stipulation, "a party may serve on
any other party no more than 25 written interrogatories,
including all discrete subparts."); Rule 34(a)(1) (providing in
pertinent part that "[i]n general[,] [a] party may serve on any
other party a request within the scope of Rule 26(b): (1) to
produce . . . (A) any designated documents or electronically
stored information . . . or (B) any designated tangible things.

10

. . .").  Thus, any request for production of documents or set
of interrogatories must be addressed to each defendant
separately.

**VIII. John Doe Defendants**

As indicated above, the court informed Quigley on July 24,
2019, that he must identify and serve the complaint on the John
Doe defendants within ninety days pursuant to federal rule 4(m).
Quigley has identified John Doe #1 as correctional officer Peart
and AAG Fiske has appeared for this officer.  Quigley has not
informed the court that he has identified John Doe #2, John Doe
#3 or John Doe #4 and has not filed any returns of service
indicating that these Doe defendants have been served with a
copy of the complaint.  As such, the allegations asserted in the
complaint against these three Doe defendants are subject to
dismissal under rule 4(m).  Because the court has extended the
deadline to complete discovery for an additional sixty days, the
court will permit Quigley an additional ninety days to serve the
complaint on John Doe #2, John Doe #3 or John Doe #4 in their
individual capacities.  If he fails to do so within that
timeframe, any claims against those Doe defendants are subject
to dismissal.

**CONCLUSION**

Quigley's motion/notice for clarification [**ECF No. 28**],
motion to compel [**ECF No. 40**] and motion for response for an
order compelling discovery [**ECF No. 42**] are **DENIED**.  Quigley's
motion [**ECF No. 26**] is **DENIED** to the extent that it seeks
reconsideration of the ruling denying his motion for appointment
of counsel and is also **DENIED** to the extent that it could be
construed as a renewed motion for appointment of counsel.
Quigley's motion for extension of time [**ECF No. 29**] to file a
reply to the defendants' answer to the complaint is **DENIED** as
moot.  Quigley's motion [**ECF No. 33**] seeking to extend the
deadline in the initial review order for completion of discovery
is **GRANTED.**

    **(2)**  To the extent that Quigley has not already made the
necessary disclosures in compliance with the Standing Order RE:
Initial Discovery Disclosures, he must do so within **twenty (20)
days** of the date of this order.  Quigley shall also file a
notice with the court indicating the date on which he mailed the
required disclosures to AAG Fiske.

    (3)  **The parties shall complete discovery within sixty (60)
days of the date of this order.  Discovery requests shall not be
filed with the court.  Summary judgment motions, if any, shall
be filed with 120 days of the date of this order.**

**Quigley may not serve any new discovery requests on the defendants until he informs the court, by written notice, that he has complied with the Standing Order RE: Initial Discovery Disclosures, by sending AAG Fiske the necessary disclosures.**

**(3)** The docket reflects that Quigley has not identified or served a copy of the complaint on, the defendant, John Doe #2, the defendant, John Doe #3, or the defendant, John Doe #4, within the time period provided in Federal Rule of Civil Procedure 4(m). Because the court has extended the deadline to complete discovery for an additional sixty (60) days, the court will permit Quigley an additional ninety (90) days to serve the complaint on John Doe #2, John Doe #3 and John Doe #4, in their individual capacities. Quigley must file with the court, the Waiver of Service of Summons form signed by each defendant, demonstrating the date on which each defendant was served with a copy of the complaint. Pursuant to rule 4(m), the court will dismiss the claims asserted against any John Doe defendant who is not served within ninety days of the date of this order.

SO ORDERED at Hartford, Connecticut this 30th day of September, 2020.

_____/s/_____
Alfred V. Covello
United States District Judge